The judgment will be reversed, and the cause remanded.

## TOVAR v. STATE.

No. 13628.

Court of Criminal Appeals of Texas.

June 4, 1930.

Magus Smith, of Pearsall, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for selling intoxicating liquor, punishment being one year in the penitentiary.

The record here contains neither bills of exception nor statement of facts. Nothing is presented for review.

The judgment is affirmed.

## HAMILTON v. STATE.

No. 13310.

Court of Criminal Appeals of Texas.

May 7, 1930.

Rehearing Denied June 11, 1930.

Chastain & Judkins, of Eastland, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

**MARTIN, J.**

Offense, the unlawful transportation of intoxicating liquor; penalty, one year in the penitentiary.

A Ford coupé was driven to a garage in the town of Mineral Wells. It was later searched and a large quantity of whisky found therein. The identity of the driver of this car was a sharply contested issue in the court below, and the sufficiency of the evidence in this particular is the only question before this court. We do not think that a detailed statement of all the evidence pro and con on this issue, would be of sufficient interest to the bench and bar to justify its repetition. Suffice it to say that in our opinion the evidence was sufficient to support the conclusion of the jury that appellant was the driver of the car in question. Testimony of an alibi given by appellant's witnesses was apparently not believed by the jury, and we do not feel authorized to disturb its finding.

Believing the evidence sufficient and finding no error in the record, the judgment is affirmed.

**PER CURIAM.**

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

**HAWKINS, J.**

The evidence offered on appellant's part, if believed, would have authorized the jury in finding that the state's witnesses were mistaken in identifying appellant. It was purely a question of fact. The jury accepted the evidence of witnesses for the state. Giving effect to their testimony, this court would not be warranted in saying the evidence was not sufficient to support the conviction.

The motion for rehearing is overruled.